

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-26-00032-CV

———————————————————

IN THE INTEREST OF O.H., A CHILD

---

On Appeal from the 324th District Court
Tarrant County, Texas
Trial Court No. 324-738855-23

---

Before Sudderth, C.J.; Kerr and Birdwell, JJ.
Memorandum Opinion by Chief Justice Sudderth

**MEMORANDUM OPINION**

If an "appellant fail[s] to pay or make arrangements to pay the [trial court] clerk's fee for preparing the clerk's record, the appellate court may—on . . . its own initiative—dismiss the appeal for want of prosecution." Tex. R. App. P. 37.3(b); *see Est. of Schweitzer*, No. 02-25-00598-CV, 2026 WL 478939, at *1 (Tex. App.—Fort Worth Feb. 19, 2026, no pet.) (per curiam) (mem. op.); *Lilly v. Thompson*, No. 02-25-00395-CV, 2026 WL 253437, at *1 (Tex. App.—Fort Worth Jan. 30, 2026, no pet.) (per curiam) (mem. op.). And here, Appellant R.M. (Father) has not "pa[id] or ma[d]e arrangements to pay" for the clerk's record. Tex. R. App. P. 37.3(b).

On March 6, 2026, we warned Father that we would dismiss his appeal for want of prosecution unless, within ten days, he paid for the record and provided us with proof of payment. *See id.* (stating that appellate court "must give the appellant a reasonable opportunity to cure before dismissal"); *see also* Tex. R. App. P. 42.3(b) (authorizing dismissal for want of prosecution "after giving ten days' notice to all parties"), 44.3 (requiring appellate court to provide "a reasonable time to correct . . . defects or irregularities" before dismissing an appeal on that basis). Father instead responded by professing his indigence. *See* Tex. R. App. P. 37.3(b) (recognizing exception to dismissal for nonpayment of the record if "the appellant was entitled to proceed without payment of costs"). But Appellee A.H. (Mother) disputed Father's indigence, and after a hearing on the matter, the trial court found that Father "[wa]s not indigent and ha[d] the ability to pay" for the record.

That was several weeks ago now.  Since then, Mother has filed a motion that again calls attention to Father's failure to pay for the clerk's record.  Yet, Father still has neither paid for the record nor made payment arrangements.  *Cf. id.*

We therefore dismiss Father's appeal for want of prosecution.[1]  *See* Tex. R. App. P. 37.3(b), 42.3(b), 43.2(f); *see also Schweitzer*, 2026 WL 478939, at *1 (dismissing appeal when appellant failed to pay for clerk's record); *Lilly*, 2026 WL 253437, at *1 (same).

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Delivered:  May 14, 2026

---

[1]Mother's pending motion is denied as moot.